**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

Attorneys for Plaintiff, RUTH OLVERA, an individually
and on behalf of other individuals similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH OLVERA, an individually and on behalf of other individuals similarly situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>DAVITA, INC., a Delaware corporation,<br><br>                    Defendant. | CASE NO.<br><br>__CLASS ACTION__<br><br>__COMPLAINT AND JURY DEMAND__<br><br>1.    **Failure to Pay All Wages;**<br>2.    **Failure to Pay Overtime Compensation (Welfare Commission Orders and California _Labor Code_ §§ 510, 1194);**<br>3.    **Missed Meal and Rest Breaks in Violation of California _Labor Code_ §§ 200, 226.7, 512, and 12 CCR § 11040;**<br>4.    **Failure to Pay All Wages Owed at Termination in Violation of California _Labor Code_ § 203;**<br>5.    **Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of California _Labor Code_ § 226;** |

1

6.    **Violations of California Business & Professions Code §§ 17200, et seq.; and,**
7.    **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA")**

Plaintiff, RUTH OLVERA, on her own behalf and on behalf of all similarly situated persons upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record, allege as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.    This class action is within the Court's jurisdiction under California *Labor Code* §§ 200, 201-203, 226, 226(a), 226.7, 510, 512, and 1194, California *Business and Professions Code* § 17200, et seq., (Unfair Practices Act), and Fair Labor Standards Act.

2.    This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, California *Business and Professions Code*, and Fair Labor Standards Act against employees of Defendant.

3.    Plaintiff seeks relief on behalf of herself and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendant to pay Plaintiff and members of the plaintiff class all wages due to them.

4.    Plaintiff is informed and believes and based thereon alleges Defendant have engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny

CLASS AND COLLECTIVE ACTION COMPLAINT

employees the above stated rights and benefits.

5.      The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, California *Business and Professions Code*, and Fair Labor Standards Act.

6.      This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the plaintiff class, which is defined more specifically below, but which is comprised, generally, of all former and current employees of Defendant DAVITA, INC., a Delaware corporation who hold or held the job positions which Defendant classified as "non-exempt" at any of Defendant's facilities in California and throughout the United States.

7.      This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "Labor Code,") and the California *Business & Professions Code* and is brought by Plaintiff on her own behalf and on behalf of the members of the plaintiff class.

8.      The California Plaintiff "Class Period" is defined as the time from August 28, 2014 through the date that judgment is entered, based upon information and belief that the violations of the California *Labor Code*, as described more fully hereinafter, began long before August 28, 2014 and are continuing.  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

9.      The FLSA Plaintiff "Class Period" is defined as the time from August 28, 2015 through the date that judgment is entered, based upon information and belief that the violations of the Fair Labor Standards Act, as described more fully hereinafter, began long before August 28, 2015 and are continuing.  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

10.     In this case, Plaintiff seeks relief for herself and the members to the

plaintiff class under California law to remedy Defendant's actions of: (1) improperly rounding employee time as a result of which Plaintiff and said members of the Plaintiff Class were not paid all wages due to them, including overtime wages; (2) failure to pay Plaintiff and said members of the Plaintiff Class were not paid all wages due to them; (3) having discouraged or deprived Plaintiff and Class members of meal and rest breaks and failure to pay for missed breaks pursuant to California *Labor Code* §§ 200, 226.7, 512; (4) failure to pay all wages owed at termination in violation of California Labor Code §§201-203; and, (5) failure to furnish Plaintiff and Class members accurate, itemized wage statements required by California *Labor Code* § 226 upon payment of wages.

11.    The actions of Defendant are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

12.    The policies, practices and customs of Defendant described above and herein have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the requirements of the California *Labor Code* and of the Business & Professions Code.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over the alleged violations of California Labor Code §§ 201-203, 226, 226(a), 226.7, 510, 512, and 1194.

14.    Venue is proper in this Court because Defendant DAVITA, INC., a Delaware corporation regularly conduct business in Los Angeles County, because Plaintiff lives in Los Angeles County, and because the conduct alleged herein which gives rise to the claims asserted occurred within Los Angeles County. Specifically, Plaintiff worked for Defendant DAVITA, INC. at the Montebello location in Los Angeles County, and the wages herein claimed were earned by her in Los Angeles County.

CLASS AND COLLECTIVE ACTION COMPLAINT

## **THE PARTIES**

15.    Plaintiff RUTH OLVERA ("Plaintiff") is a resident of Los Angeles County, in the State of California.  Plaintiff was employed by Defendant as a "Medical Receptionist" in Montebello, California from 1993 through June 30, 2018.

16.    According to https://www.davita.com/about (*searched on August 2, 2018*), Defendant DAVITA, INC. ("DAVITA" or "Defendant") is a corporation organized under the laws of the state of Delaware and has its principal place of business in Denver, Colorado.

17.    According to https://www.davita.com/about (*searched on August 2, 2018*), "DaVita Inc., a Fortune 500® company, is the parent company of DaVita Kidney Care and DaVita Medical Group. DaVita Kidney Care is a leading provider of kidney care in the United States, delivering dialysis services to patients with chronic kidney failure and end stage renal disease. As of December 31, 2017, DaVita Kidney Care operated or provided administrative services at 2,510 outpatient dialysis centers located in the United States serving approximately 198,000 patients. The company also operated 237 outpatient dialysis centers located in 11 countries outside the United States. DaVita Kidney Care supports numerous programs dedicated to creating positive, sustainable change in communities around the world. The company's leadership development initiatives and social responsibility efforts have been recognized by Fortune, Modern Healthcare, Newsweek and WorldBlu.  DaVita Medical Group is a division of DaVita Inc., a Fortune 500® company, that operates and manages medical groups and affiliated physician networks in California, Colorado, Florida, Nevada, New Mexico, Pennsylvania and Washington. A leading independent medical group in America, DaVita Medical Group has over two decades of experience providing coordinated, outcomes-based medical care in a cost-effective manner. DaVita Medical Group's teammates, employed clinicians and affiliated clinicians provided care for approximately 1.7 million patients.

18.    According to https://www.davita.com/about (*searched on August 2, 2018*),

DAVITA has more than 70,800 teammates (employees) throughout the United States.

19.     Defendant is a corporation engaged in the health care business in the State of California.   Defendant was at all times doing business throughout the State of California, has various offices and locations in the State, and serve numerous clients throughout the State.  The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

20.     The members of the plaintiff class, including the representative Plaintiff named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## **FACTUAL ALLEGATIONS**

21.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

22.     Plaintiff and the members of the plaintiff class were and are classified by Defendant as non-exempt employees.   As non-exempt employees, Plaintiff and members of the plaintiff class are entitled to certain benefits, including wages for all hours worked, overtime, and mandated meal and rest breaks.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

23.     Plaintiff has been employed as a full-time, non-exempt employee by Defendant. Medical Receptionist by DAVITA from 1993 through June 30, 2018.  She made approximately $15 an hour.

***Defendant's Failure to Pay for All Hours Worked***

24.     Defendant's did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendant; and/or

the time that the employees were suffered or permitted to work. Defendant's timekeeping system (called "Kronos") systematically shaved time off of employees' actual time worked, by rounding their timestamps. The system had a bias toward the employer, typically shaving minutes per day off of employees' "hours worked." Therefore, Plaintiff alleges that Defendant's illegally rounded or "shaved" minutes from their hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendant's illegal "shaving" of minutes per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendant's failure to compensate each employee for all minutes of actual work every day worked in violation of California <u>Labor Code</u> § 1194. Defendant owes each of their hourly employees for the unpaid "shaved" minutes and/or illegally "rounded" minutes.

25.    Plaintiff alleges that Defendant would hold medical events for the community (blood pressure, glucose events, breakfast for seniors, etc.) on various Saturdays and require employees, including Plaintiff to work the events without pay. Although Defendant required Plaintiff and the other members of the Plaintiff class to work at such events Defendant refused to permit Plaintiff and the members of the class to record such time and failed to pay them for such time worked.

26.    Plaintiff further alleges that Defendant altered the time cards to reduce the hours worked by Plaintiff and the members of the class in order to avoid payment of overtime wages.

27.    California <u>Labor Code</u> § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

28.    California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay

7

for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

29. Throughout the Class Period, Wage Order No. 5-2001, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday.

30. Defendant classified Plaintiff and the members of the plaintiff members as non-exempt, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

31. As a matter of policy and/or practice, Defendant routinely suffered or permitted Plaintiff and the members of the plaintiff class to work portions of the day during which they were subject to Defendant's control, and failed to compensate them. Accordingly, Defendant failed to properly record the actual hours worked by Plaintiff and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendant's Failure to Provide Meal Breaks***

32. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendant routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

33. Throughout the Class Period, Defendant regularly:

a. Failed to provide Plaintiff and the members of the plaintiff class with a

first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

b. Failed to provide Plaintiff and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

c. Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

d. Failed to accurately record all meal periods.

***Defendant's Failure to Provide Rest Breaks***

34.    At all times, relevant hereto, California <u>Labor Code</u> § 226.7 and IWC Wage Order, number 5, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

35.    At all times, relevant hereto, California <u>Labor Code</u> § 226.7(b) and IWC Wage Order, number 5, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiff is further informed and believes and based thereon alleges that throughout the relevant time period Defendant failed to provide rest periods.

37.    Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

38.    Specifically, throughout the Class Period, Defendant regularly:

a. Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duty

for each four (4) hours of work and able to take rest periods within the middle of the shift; and

b. Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

### Defendant' Failure to Pay All Wages Due at Termination of Employment

39.     At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

40.  Defendant willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

### Defendant's Failure to Provide Accurate Wage Statements

41.     Defendant failed to comply with California Labor Code Section 226(a) because the hours worked, overtime, meal and rest breaks were incorrect as a result of the uniform, routine and systemic violations described above resulting in a violation of California Labor Code Section 226(a).

### Facts Regarding Willfulness

42.     Plaintiff is informed and believes and based thereon alleges that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

43.     Plaintiff is informed and believes and based thereon alleges that at all

10

relevant times, Defendant had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff.

44.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the plaintiff class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendant to pay Plaintiff and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

45.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendant knew or should have known, that the plaintiff class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendant to pay the plaintiff class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

***Unfair Business Practices***

46.     Defendant has engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

47.     Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendant's competitors.

48.     Defendant's utilization of such unfair business practices deprives Plaintiff and Class members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

49.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform their

obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

*Plaintiff's Exhaustion of Administrative Remedies*

50.    Plaintiff also claims herein all penalties permitted by the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California <u>Labor Code</u> § 2698, et seq.

51.    By letter dated August 28, 2018, Plaintiff gave written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California <u>Labor Code</u> alleged to have been violated, including the facts and theories to support the alleged violations.

52.    Assuming that the LWDA declines to investigate or fails to respond to such notice, this Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA.

## CLASS ACTION ALLEGATIONS

53. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.  Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California <u>Code of Civil Procedure</u> §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class**

All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant have classified as "non-exempt" nursing personnel in the State of California. (The Class Period is the period from August 28, 2014, through and including the date judgment is rendered in this matter).

**Terminated Sub Class**

All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from

1    August 28, 2014, through and including the date judgment is

2    rendered in this matter).

3    (collectively "Plaintiff Class" or "Class Members")

4    55.    Plaintiff is informed and believes, and on that basis, alleges, that during

5    the class period, thousands of class members have been employed by Defendant as non-

6    exempt employees in the State of California.  Because so many persons have been

7    employed by Defendant in this capacity, the members of the Plaintiff Class are so

8    numerous that joinder of all members is impossible and/or impracticable.

9    56.    Common questions of law, in fact, exist as to all members of the Plaintiff

10    Class and predominate over any questions affecting solely individual members of the

11    Plaintiff Class.    Among the questions of law and fact, that are relevant to the

12    adjudication of class members claims are as follows:

13    a.    Whether Plaintiff and members of the proposed class are subject to

14    and entitled to the benefits of California wage and hour statutes;

15    b.    Whether Defendant's systematic rounding of hours worked resulted

16    in failure to pay wages for all hours worked;

17    c.    Whether Defendant maintained accurate records of the hours worked

18    by employees;

19    d.    Whether Plaintiff and members of the Plaintiff Class are entitled to

20    overtime compensation;

21    e.    Whether Defendant had a standard policy of not providing meal and

22    rest breaks to Plaintiff and members of the plaintiff class;

23    f.    Whether Defendant failed to maintain accurate records of work

24    performed by members of the Class in violation of California Labor

25    Code §1174.

26    g.    Whether Defendant unlawfully and/or willfully deprived Plaintiff and

27    Class Members of meal and rest breaks and pay for missed breaks

28    pursuant to California Labor Code §§ 200, 226.7, 512, and 12 CCR §

13

1   11040;

2   h.   Whether Defendant unlawfully and/or willfully failed to provide

3   Plaintiff and members of the Plaintiff Class with true and proper wage

4   statements upon payment of wages, in violation of California Labor

5   Code §226;

6   i.   Whether Defendant unlawfully and/or willfully failed to compensate

7   employees for all hours worked;

8   j.   Whether Plaintiff and members of the Plaintiff Class sustained

9   damages, and if so, the proper measure of such damages, as well as

10   interest, penalties, costs, attorneys' fees, and equitable relief; and

11   k.   Whether Defendant's conduct as alleged herein violates the Unfair

12   Business Practices Act of California, Bus. & Prof. Code § 17200, *et*

13   *seq.*

14   57.   The claims of the named Plaintiff are typical of the claims of the members

15   of the Plaintiff Class.  Plaintiff and the members of the Plaintiff Class sustained losses,

16   injuries and damages arising from Defendant's common policies, practices, procedures,

17   protocols, routines, and rules which were applied to other class members as well as

18   Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as

19   were suffered by other members of the proposed class.

20   58.   Plaintiff is an adequate representative of the proposed classes because he

21   is a member of the class, and his interests do not conflict with the interests of the

22   members he seeks to represent. Plaintiff has retained competent counsel, experienced

23   in the prosecution of complex class actions, and together Plaintiff and his counsel

24   intends to prosecute this action vigorously for the benefit of the classes. The interests

25   of the Class Members will fairly and adequately be protected by Plaintiff and his

26   attorneys.

27   59.   A class action is superior to other available methods for the fair and

28   efficient adjudication of this litigation since individual litigation of the claims of all

14

Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

60.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California <u>Code of Civil Procedure</u> § 382 because:

a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

61. Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

62. Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

/ / /

**FLSA Class:**

All persons who were or are employed by Defendant as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.

(hereinafter, "FLSA Class" or "FLSA Collective Class")

63. Plaintiff alleges that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "exempt" employees for Defendant in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendant;

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

64. All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendant are required to maintain by law, including but not limited to employee time clock reports and payroll records.

/ / /

/ / /

/ / /

CLASS AND COLLECTIVE ACTION COMPLAINT

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

### (By Plaintiff and the Members of the Plaintiff Class Against Defendant)

65.     Plaintiff incorporates herein by reference the allegations set forth above.

66.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§200, 226, 500, 510, 1197, and 1198.

67.     For at least the four (4) years preceding the filing of this action, Defendant failed to compensate employees for all hours worked. Defendant implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly employees when calculating their wages. In addition, Defendant failed to pay hourly employees for all time worked when the timekeeping system malfunctioned, by recording the time that employees' timecards were manually corrected, rather than the time they actually began work.

68.     Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

69.     Defendant have knowingly and willfully refused to perform their obligations to compensate Plaintiffs and the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, in

accordance with Plaintiff's and the Plaintiff Class' respective damage amounts according to proof at time of trial.

70.   Defendant committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

71.   Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

72.   As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

73.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.   California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

75.   Defendant have failed and refused to pay to Plaintiff and each member of the plaintiff class all overtime wages due to them in compliance with California <u>Labor Code</u> including, but not limited to, failing to pay all overtime accrued.  Based upon

information and belief, Plaintiff and the other members of the plaintiff class were not paid overtime when they worked in excess of eight (8) hours in a given day.

76.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiff and each member of the plaintiff class has been deprived of overtime wages due in amounts to be determined at trial.

77.    The applicable overtime requirements fixed by the commission for Plaintiff and the plaintiff class, are found in Wage Order 5-2001.

78.    Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendant's failure to pay Plaintiff and the members of the plaintiff class all overtime wages due, Plaintiff and members of the plaintiff class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## MISSED MEAL AND REST BREAKS IN VIOLATION OF

## CAL. LABOR CODE SECTIONS 200, 226.7, 512, AND 12 CCR 11040

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

79.    Plaintiff hereby re-alleges and incorporates by reference as though set fully forth herein, the allegations contained above.

80.    For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal and rest breaks as required by law.

81.    In addition, Defendant failed to pay Plaintiff and the Class members the full statutory penalty for all missed meal and rest periods.

82.    Defendant's conduct described herein violates the Industrial Welfare Commission Order and California Labor Code §§ 226, 226.7, 512, 558, and 1198.

83.    Plaintiff and the Class members are entitled to recover additional compensation for all rest and meal periods that were missed, but not paid for, during the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees

1 | and costs of suit pursuant to California Labor Code §§ 218.5 and penalties pursuant to
2 | California Labor Code §§ 226.7, and 558.

3 | 84.     As a proximate result of the aforementioned violations, Plaintiff and the
4 | Class members have been damaged in an amount according to proof at time of trial and
5 | have suffered, and continue to suffer, substantial losses related to the use and enjoyment
6 | of such monies, lost interest on such monies, and expenses and attorneys' fees in
7 | seeking to compel Defendant to fully perform their obligation under state law.  Plaintiff
8 | and the Class members are thus entitled to recover nominal, actual, compensatory and
9 | exemplary damages in amount according to proof at time of trial.

10 | 85. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California *Labor Code* §§ 201-203)

### (By Plaintiff and Members of the Terminated Sub Class Against Defendant)

15 | 86.     Plaintiff re-alleges and incorporates all preceding paragraphs as though
16 | fully set forth herein.

17 | 87.     At all times, relevant herein, Defendant was required to pay their
18 | employees all wages owed in a timely fashion during and at the end of their
19 | employment, pursuant to California Labor Code §§ 201-203.

20 | 88.     As a pattern and practice, Defendant regularly failed to pay Plaintiff and
21 | the members of the Terminated Sub Class their final wages pursuant to California Labor
22 | Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California
23 | Labor Code § 203.

24 | 89.     The conduct of Defendant and its agents and managerial employees as
25 | described herein was willful, and in violation of the rights of Plaintiff and the individual
26 | members of the Terminated Sub Class.

27 | 90.     Plaintiff is informed and believes, and based thereon alleges, that
28 | Defendant's willful failure to pay wages due and owing them upon separation from

employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California <u>Labor Code</u> § 203.

**FIFTH CAUSE OF ACTION**

**FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN VIOLATION OF CAL. LABOR CODE § 226**

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

91.    Plaintiff hereby re-alleges and incorporates by reference as though set fully forth herein, the allegations contained above.

92.    California <u>Labor Code</u> § 226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee.... (5) net wages earned … (8) the name and address of the legal entity that is the employer… (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.) Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

93.    Defendant failed to accurately report the gross wages earned and the net wages earned by Plaintiff and the Class members on their wage statements.

94.    Defendant failed to accurately represent the total hours worked by Plaintiff and Class members in that all hours worked are not accurately reflected on their wage

21

statements.

95.    Defendant failed to accurately represent, on the wage statements, the applicable hourly rates in effect for overtime that Plaintiff and Class members may have been entitled to receive (if applicable).

96.    Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class members from determining the amounts of wages actually owed to them.

97.    Plaintiff and Class members request recovery of California <u>Labor Code</u> § 226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California <u>Labor Code</u> § 226(e), in a sum as provided by the Labor Code and/or other statutes.

98.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

**<u>SIXTH CAUSE OF ACTION</u>**

**<u>VIOLATIONS OF CALIFORNIA</u>**

**<u>*BUSINESS AND PROFESSIONS CODE* SECTION 17200, *et seq.*</u>**

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendant)**

99.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

100.    Section 17200 of the California <u>Business and Professions Code</u> prohibits any unlawful, unfair or fraudulent business act or practice.

101.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendant' actions.

102.    The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California <u>Business and Professions </u>Code § 17200, *et seq*.

103.    Defendant' conduct as herein alleged has damaged Plaintiff and the

22

members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendant' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

104.    Because of such conduct, Defendant have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

105.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendant. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendant' records.  The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendant' unlawful and unfair conduct.

106.    During the Class Period, Defendant committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

107.    Defendant' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

108.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendant' policies and practices and, therefore, Defendant' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

109.    Defendant' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

23

110.    Defendant' course of conduct described herein further violates California Business and Professions Code § 17200 in that it is fraudulent, improper, and unfair.

111.    The unlawful, unfair, and fraudulent business practices and acts of Defendant as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendant on behalf of Plaintiff and the Members of the FLSA Class)

112.    Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth herein.

113.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.    (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

114.    Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendant in an exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendant, the collective statute of limitations should be adjusted accordingly.

115.    This Collective Action by similarly situated persons under 29 U.S.C.

216(b) is based upon the failure of the named Defendant to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendant.

116.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.    Whether Defendant' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b.    Whether Defendant failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendant as required by the FLSA;

c.    Whether Defendant' policies and practices were to write down the time worked by Plaintiff and collective employees;

d.    Whether Defendant failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.    Whether Defendant should be should be enjoined from continuing the practices which violate the FLSA; and

f.    Whether Defendant are liable to the collective employees.

117.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

118.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendant' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and

straight time rates of employees.

119.    Defendant are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

120.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendant which violated the FLSA was willful.

121.    Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

122.    Plaintiff and collective employees were all paid to Defendant on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.  Defendant also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

123.    For the purposes of the Fair Labor Standards Act, the employment practices of Defendant were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

124.    Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

125.    As a result of Defendant' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

126.    Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

127.    As a result of the willful actions of the named Defendant in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Class have suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members pray for judgment as follows:

1.  An order that the action be certified as a class action;

2.  An order that counsel for Plaintiff be appointed class counsel;

3.  For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of al profits from the unlawful business practices of Defendant;

4.  For compensatory damages;

5.  For penalties pursuant to California Labor Code §§ 200, 226, 226.7, 226.3, 226.7, 510, 512, 558, 1194, and 2698-2699;

6.  For interest accrued to date;

7.  For costs of suit and expenses incurred herein pursuant to California Labor Code §§ 226 and 1194;

8.  For reasonable attorneys' fees pursuant to California Labor Code §§ 226, and 1194; and,

9.  A declaratory judgment that Defendant have knowingly and intentionally violated the following provisions of law and have willfully violated the FLSA for purposes of calculating the applicable statute of limitations period:

a.  the FLSA, 29 U.S.C. §207 (a), by failing to provide compensation at time and a half rates for work in excess of 40 hours per workweek;

b. California <u>Labor Code</u> §§ 510, 550-556, 1194 (a) and the applicable IWC Wage Order, by failing to pay all premium wages due for work in excess of 8 hours per workday, 12 hours per workday and/or 40 hours per workweek, and/or for work on the 7th day of a 7-day workweek;

c. California <u>Labor Code</u> § 226, by failing to provide the information required with each payment of wages;

d. California <u>Labor Code</u> §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

e. California <u>Business & Professions Code</u> §§ 17200-08 by violating the provisions set forth herein above;

f. the FLSA, 29 U.S.C. § 206, by failing to provide minimum wages; and,

g. An award of unpaid overtime premiums plus liquidated damages and interest pursuant to 29 U.S.C. §255

10. For all such other and further relief that the Court may deem just and proper.

DATED: August 28, 2018          **BRADLEY/GROMBACHER, LLP**


By: <u>/s/Marcus J. Bradley</u>
      Marcus J. Bradley, Esq.
      Kiley Lynn Grombacher, Esq.
      Taylor L. Emerson, Esq.
      Attorneys for Plaintiff

/ / /

/ / /

/ / /

28

CLASS AND COLLECTIVE ACTION COMPLAINT

# JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  August 28, 2018                **BRADLEY/GROMBACHER, LLP**


By: /s/Marcus J. Bradley
     Marcus J. Bradley, Esq.
     Kiley L. Grombacher, Esq.
     Taylor L. Emerson, Esq.
     Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT